UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWEN Y. C., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 22-CV-435-CDL |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| **Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
|     **Defendant.** | ) |

## **OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Social Security disability benefits. The parties have consented to proceed before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(1), (2).

**I.  Background**

The plaintiff first filed an application for Title II disability benefits on June 2, 2016. She alleged disability beginning on March 27, 2016, when she was admitted to the hospital with chest pain related to a non ST-elevation myocardial infarction (NSTEMI). (R. 239). She also alleged uncontrolled diabetes, hypertension, and high cholesterol. The plaintiff

---

[1]  On December 20, 2023, Martin O'Malley was sworn in as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), O'Malley is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

was 34 years old on her alleged onset date. Her date last insured for Title II benefits was June 30, 2016.

The plaintiff was discharged from the hospital on March 30, 2016. (R. 238). Medical evidence submitted in support of her 2016 disability application showed that she was found to have severe coronary artery disease, with several areas of blockage of up to 100 percent, as well as uncontrolled diabetes, systolic congestive heart failure, and elevated blood pressure. (*See* R. 456, 460, 493, 501, 505); *see also* R. 487 (noting impressions of "severe multivessel disease" and hypokinesis after cath lab procedures); R. 493 (documenting need for cardiac rehab and "aggressive therapy" for coronary artery disease; ischemic cardiomyopathy to be treated with "maximally tolerated doses").

The Commissioner denied the plaintiff's application on initial review and on reconsideration. At both stages, state agency medical consultants found that, despite severe impairments of cardiomyopathy and diabetes mellitus, the plaintiff retained the residual functional capacity (RFC) to perform light work. (R. 338-358). The Commissioner's November 8, 2016 Notice of Reconsideration (R. 364-366) explained that

> The medical evidence shows the following: Your diabetes had not seriously interfered with your ability to work. Although you experienced the symptoms of coronary artery disease and cardiomyopathy, you were still capable of performing work that was[sic] not exertionally demanding. While you were retaining water, you were still able to sit, stand, walk, and bend well enough to perform some types of work. Medical evidence does not show any other impairments which kept you from working on or before the date you were last insured for disability benefits.
>
> We do not have sufficient vocational information to determine whether you could perform any of your past relevant work.

2

> However, based on the evidence in file, we have determined that you could have adjusted to other work prior to the date you were last insured for disability benefits.

(R. 365).

The Notice of Reconsideration included standard language informing the plaintiff, *inter alia*, of the procedure for seeking a hearing before an Administrative Law Judge (ALJ):

> **IF YOU DISAGREE WITH THE DETERMINATION**
>
> If you believe that the reconsideration determination is not correct, you may request a hearing before an administrative law judge of the Office of Disability Adjudication and Review. If you want a hearing, you must request it not later than 60 days from the date you receive this notice. You may make your request through any Social Security office or on the Internet at http://www.socialsecurity.gov/disability/appeal. As part of the appeal process, you also need to tell us about your current medical condition. We provide a form for doing that, the Disability Report-Appeal. You may contact one of our offices or call 1-800-772-1213 to request this form. Or, you may complete the report online after you complete the online Request for Hearing by Administrative Law Judge.
>
> **IF YOU WANT HELP WITH YOUR APPEAL**
>
> You can have a friend, lawyer or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security Office has a list of groups that can help you with your appeal. If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

**NEW APPLICATION**

> You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. You might lose benefits if you file a new application instead of filing an appeal. Therefore, if you think this decision is wrong, you should ask for an appeal within 60 days.

*Id*. However, the plaintiff, who was unrepresented by counsel at that time, did not request a hearing. As a result, the denial of benefits on reconsideration became final. (*See* R. 280).

Subsequently, the plaintiff obtained counsel, and on June 18, 2018 she filed a second application for Title II benefits. (R. 655-661). This application alleged disability during the same time period as alleged in her first application. As such, under the Commissioner's regulations, the second application impliedly sought to reopen the plaintiff's previous application. *See* Hearings, Appeals, and Litigation Law Manual ("HALLEX") § I-2-9-10(B).

The plaintiff's second application was denied on grounds of res judicata in July 2018. (R. 299-300; *see also* R. 284). An adjudicator found that the plaintiff "has had a previous denial on 8/5/2016 and a reconsideration denial on 11/7/2016 for the exact same time period" and that the plaintiff offered "no new allegations and no new [medical evidence] for this time period since that denial." (R. 284).

The plaintiff's counsel filed a request for reconsideration of that decision on August 9, 2018. (R. 297-298). The request stated:

> The Disapproved claim letter states that [the plaintiff] is insursed[sic] until June 30, 2016 and so she does not qualify. However, the start date of disability on the application filed on June 18, 2018 is March 27, 2016 before her DLI expired.

4

(R. 297).

The Commissioner apparently took no further action on her case for several months. Plaintiff's representative then submitted a Request for Reconsideration form dated January 22, 2019, stating:

> This T2 disability claim was denied on 7/19/18 on technical grounds due to res judicata. Claimant was pro se at the time of her original denial and requests a reopening of the prior application. Claimant filed a timely appeal online on 8/9/18 but that appeal was never processed. Please process this Request for Reconsideration of her 7/19/18 technical denial.

(R. 295).

On May 28, 2019, the Commissioner issued a Notice of Disapproved Claim, stating that it had found the previous denial decision was correct, explaining that the "previous decision covered the same issues as this claim," the Commissioner did "not have any new information to change [its] decision," and that information submitted by the plaintiff "does not show that there was any change in [plaintiff's] health before June 2016 . . . when [she] last met the earnings requirement for receiving benefits." (R. 290). The Notice further stated:

> If you have any new information about your health on or before June 2016, please send it to us. We need to review it to see if we can change our previous decision.

*Id.* It also advised plaintiff that any appeal must be filed within 60 days. (R. 292).

The plaintiff's counsel submitted an appeal via the Commissioner's website on July 18, 2019, stating as follows:

> This was a technical Recon denial due to res judicata. We are requesting a hearing on the issue of whether to reopen her prior

5

> claim denied November 2016 with DLI June 30, 2016. Please process this appeal and forward her claim to the hearing office.

(R. 288; *see also* R. 282). In response to a question on the form, the plaintiff indicated that she had "documents in electronic format" to support her claim. (R. 289). It appears from the record that plaintiff's counsel attached and submitted several documents along with this form. *Id*. [2]

An ALJ dismissed plaintiff's request for a hearing via an Order of Dismissal dated September 5, 2019. (R. 280-281). The ALJ noted that the November 7, 2016 denial of plaintiff's first application became administratively final when the plaintiff "did not request review within the stated time period." (R. 280). The ALJ stated that she had "considered whether this determination should remain final and [found] no reason why it should not." *Id*. The ALJ noted that provisions in 20 C.F.R. 40 § 404.988 for reopening and in Social Security Ruling (SSR) 91-5p for extending the deadline to request review did not apply. Accordingly, the ALJ found the "previous determination remains final and binding." *Id*.

The ALJ stated that she had "compared the evidence considered in reaching the previous determination with that relating to the [plaintiff's] current claim" and found that "no new and material evidence has been submitted and that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in

---

[2]  The electronic receipt of plaintiff's submission includes a list identifying file names of the attachments. However, the contents of those documents are not included. The plaintiff does not assert that she submitted additional medical evidence among those materials.

6

connection with the previously adjudicated period." Accordingly, the ALJ found the doctrine of res judicata warranted dismissal. (R. 280-281).

On November 1, 2019, the plaintiff submitted a request for review by the Appeals Council of the ALJ's September 5, 2019 dismissal. (R. 5; *see also* R. 3). The Commissioner issued a letter dated November 5, 2019, acknowledging receipt of her request for review of the ALJ's action, and advising plaintiff that she could submit "a statement about the facts and the law in this case or additional evidence." (R. 3). Shortly afterward, the plaintiff submitted additional medical evidence for consideration. (*See* Pl. Br., Doc. 20 at 3 n.3; *see also* Case No. 20-cv-119-JFH-CDL, Doc. 26 at 3).[3] The new evidence included records from Utica Park Clinic dated December 8, 2015 through June 30, 2016 and July 20, 2017 through January 18, 2018; records from St. Francis Hospital dated between September 26, 2016 and January 3, 2017; and records from Bailey Medical Center, dated March 26, 2018 through October 24, 2019. (*See* R. 6-276; *see also* R. 648-649 (Appeals Council Notice dated August 19, 2022)). However, the record does not indicate that plaintiff submitted any statement of the case or legal argument, despite language in the Commissioner's letter advising of that option.

---

[3] The plaintiff's counsel believes that an additional set of medical records may have been provided to the Appeals Council, but stated that plaintiff cannot verify that transmission. (Doc. 20 at 3 n.3. See 20-cv-119-JFH-CDL, Doc. 26 at 3 (stating that plaintiff "submitted 165 pages of new medical evidence from Bailey Medical Clinic from 2016 that the agency had not previously considered and that the agency field office had not obtained on the new application despite being informed of the existence of the evidence and that the ALJ had not allow[sic] her to submit before dismissing her claim.")). For the purpose of this Opinion and Order, the Court assumes without deciding that the evidence was submitted as plaintiff asserted in the earlier case.

In a Notice dated January 24, 2020, the Appeals Council acknowledged the plaintiff had "submitted reasons that [she] disagree[d] with the dismissal." (R. 1). However, the Appeals Council stated it had "considered the reasons [but] found that the reasons do not provide a basis for changing the [ALJ's] dismissal." (R. 1-2). The Appeals Council therefore denied plaintiff's request for review. (R. 1).

The plaintiff filed an appeal in this court, citing the Due Process Clause of Article V of the United States Constitution and 42 U.S.C. § 405(g). (Doc. 2 at 1, Case No. 4:20-cv-119-JFH-CDL).[4] The complaint alleged that, although the plaintiff informed the agency "regarding the existence of new and material evidence to justify reopening of the previous denial decision," the agency failed to obtain the medical evidence referenced in her second application for benefits before denying her claim based on res judicata. (*Id*. at 2-3). The complaint asserted that, by failing to provide a hearing, the ALJ "effectively violated the requirements of due process and "effectively den[ied]" her an opportunity to "obtain and submit" additional evidence or to "be heard regarding whether there was a legal basis for reopening the 2016 decision." (*Id*. at 3). The complaint further noted that the "Appeals Council's decision did not acknowledge receipt of the medical evidence submitted by Plaintiff" or "demonstrate that the evidence was considered" as to whether it constituted new and material evidence to justify reopening of plaintiff's first application. (*Id*. at 4). The

---

[4] The Court takes judicial notice of the pleadings and record filed in that case, No. 4:20-cv-119-JFH-CDL, which both parties have referenced in the briefs. (See Docs. 20, 27).

plaintiff also filed an Opening Brief detailing her legal arguments for remand. (*See* Doc. 26, Case No. 4:20-cv-119-JFH-CDL).

On July 7, 2021, the Commissioner filed an unopposed motion to reverse and remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 31, Case No. 4:20-cv-119-JFH-CDL). On July 13, 2021, District Judge John F. Heil issued an order granting the Commissioner's motion to remand and entered judgment remanding the case for further proceedings. (Docs. 32-33, Case No. 4:20-cv-119-JFH-CDL). Subsequently, plaintiff's counsel sought an award of fees under the Equal Access to Justice Act, which the District Judge granted on the recommendation of the undersigned Magistrate Judge.

On August 29, 2022, the Appeals Council issued a Notice explaining that, after the district court remanded the case, the council had "set[] aside [its] earlier action to consider additional information, consistent with the order of the court." (R. 647). The council stated that it had "found no reason under [its] rules to review the [ALJ's] dismissal" and therefore denied the plaintiff's request for review. The Notice also discussed the additional evidence submitted by the plaintiff in 2019. The Council explained that the evidence from Utica Park Clinic from December 8, 2015 to June 30, 2016 was not material and would not have resulted in a different conclusion than the reconsideration decision reached in the plaintiff's first application for benefits. (R. 648). The Council found that the remaining evidence was either duplicative of evidence that had already been made part of the record, or "does not relate to the period at issue[; t]herefore it does not affect the decision about whether [plaintiff was] disabled beginning on or before June 30, 2016." *Id*.

9

On October 6, 2022, the plaintiff filed this appeal in the district court. The Complaint alleges that, on remand, "despite representing to Plaintiff and this Court that on remand Plaintiff would be given an opportunity to be heard on the request for reopening of the 2016 denial, the Appeals Council never provided Plaintiff with an opportunity to provide legal argument on the reopening issue and never remanded the case to the ALJ for further proceedings." (Doc. 2 at 5). Plaintiff asserted that the agency violated its own policy of handling cases remanded by the court within six months. *Id*. She asserted that the Appeals Council's dismissal of her second application for benefits based on res judicata, and its "failure to obtain and then consider the medical evidence submitted to support the reopening of the previously adjudicated determination violated the regulations, the agency's own binding policy, controlling case law, and the due process clause of the Constitution." (*Id.* at 6-7). Finally, she alleges that the agency's failure to provide her with a hearing before an ALJ "violated the Commissioner's implied representations in asking Plaintiff's counsel to agree to a motion to remand for further proceedings to address the issues raised." (*Id*. at 7). The plaintiff requests, *inter alia*, that the Court (1) make a de novo determination of whether the medical evidence is new and material evidence such that a reasonable adjudicator could find reopening her 2016 application warranted and (2) remand the case for "further administrative action with regard to considering whether the submitted medical evidence constituted new and material evidence with new fact[sic] that would support the request for reopening." *Id*.

## II. Discussion

Plaintiff submitted an Opening Brief, in which she argues that (1) the September 5, 2019 ALJ's decision denying her request for a hearing on the issue of reopening her prior Title II application violated the Due Process Clause of the United States Constitution and the Commissioner's own regulations and policies, and (2) the Appeals Council committed reversible legal error in its August 19, 2022 decision when it determined that none of the evidence dated after the plaintiff's date last insured was relevant to the period at issue.

### A. Subject-Matter Jurisdiction

The Social Security Act provides for judicial review of a "final decision of the Secretary made after a hearing." 42 U.S.C. § 405(g). However, a dismissal of a hearing request on the ground of *res judicata* is not such a final decision. *Walje v. Shalala*, No. CIV.A. 93-2483-EEO, 1994 WL 477254 (D. Kan. Aug. 1, 1994) (unpublished)[5] (citing *Califano v. Sanders,* 430 U.S. 99, 108 (1977)); *Neighbors v. Secretary of Health, Educ. & Welfare,* 511 F.2d 80, 80–81 (10th Cir. 1974) (a dismissal of a hearing does not qualify as a final decision under § 205(g)).

The plaintiff argues that the Court has jurisdiction to consider the August 19, 2022 Appeals Council order of dismissal in this case under the Supreme Court's reasoning in *Smith v. Berryhill*, 139 S. Ct. 1765 (2019). However, the Court finds *Smith* is not applicable. The question presented there was "whether a dismissal by the Appeals Council

---

[5] Under 10th Cir. R. 32.1(A), "[u]npublished decisions are not precedential, but may be cited for their persuasive value."

11

on timeliness grounds after a claimant has received an ALJ hearing on the merits qualifies as a 'final decision ... made after a hearing' for purposes of allowing judicial review under § 405(g)." *Id*. at 1774. In that case, the Court emphasized that the claimant had had an ALJ hearing, to which the agency's final decision was "much more closely tethered." *Id*. at 1775. The Court specifically contrasted the example of a petition to reopen, which is a "matter of agency grace that could be denied without a hearing altogether"—as was the case here. *Id*. at 1775.

However, courts may review a "colorable constitutional challenge which is collateral to the claimant's substantive claim," where there is a possibility of irreparable harm. *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976); *see also Dawson v. Astrue*, No. 10-CV-338-JHP-SPS, 2012 WL 5932055, at *3 (E.D. Okla. Sept. 27, 2012) (unpublished) (*report and recommendation adopted*, 2012 WL 5941589 (E.D. Okla. Nov. 27, 2012)). Social Security hearings are subject to procedural due process considerations. *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005). *See also Marshall v. Shalala,* 5 F.3d 453, 455 (10th Cir. 1993), *citing Mathews,* 424 U.S. at 330-32 (setting out three-part test for when exhaustion can be waived: (i) full exhaustion would be futile, (ii) claimant suffered irreparable harm; and (iii) claimant states a colorable constitutional claim that is collateral to her substantive claim of entitlement to social security benefits).

The alleged denial of benefits without procedural due process constitutes a question of constitutional significance. *See, e.g., Califano,* 430 U.S. at 108; *Gonzalez v. Sullivan,* 914 F.2d 1197 (9th Cir. 1990); *see also Nelson v. Secretary of Health & Human Services,* 927 F.2d 1109, 1111 (10th Cir. 1990) (recognizing that "'a colorable

constitutional claim'" may provide "'a district court . . . jurisdiction to review the Secretary's discretionary decision[.]'"), *quoting Torres v. Secretary of Health & Human Services,* 845 F.2d 1136, 1138 (1st Cir.1988)). Thus, the Court has jurisdiction to review the Commissioner's decision denying review only to the extent that plaintiff has raised a colorable constitutional claim regarding the denial of benefits. *Walje*, 1994 WL 477254.[6]

### B. Analysis

"Due process requires notice and a meaningful opportunity to be heard." *Parker v. Colvin*, 640 F. App'x 726, 730 (10th Cir. 2016) (unpublished) (quoting *Std. Indus., Inc. v. Aquila, Inc.*, 625 F.3d 1240, 1244 (10th Cir. 2010)). *See Bush v. Apfel*, 34 F. Supp. 2d 1290, 1298 (N.D. Okla. 1999) (unpublished) ("Due process for social security applicants requires that claimant be given notice and an opportunity to be heard." (citing *Matthews*, 424 U.S. at 348-49)); *see also Parker*, 640 F. App'x at 730 (noting that due process requires notice and the opportunity to be heard) (citation omitted). To prevail on a procedural due process theory in the social security context, the claimant must also "demonstrate that the adjudication was infected by some prejudicial, fundamentally unfair element." *Mays v. Colvin*, 739 F.3d 569, 573 (10th Cir. 2014); *see also Sonja N. v. Saul*, No. 17-CV-617-JED-FHM, 2020 WL 5017765, at *1 (N.D. Okla. Aug. 25, 2020) (unpublished) (citing *Mays*). Thus, the claimant must show prejudice resulted from the agency's action. *See id*. (citing *Energy W. Mining Co. v. Oliver*, 555 F.3d 1211, 1219 (10th Cir. 2009)).

---

[6] Plaintiff does not raise, and the Court does not decide, whether the prior agency decision is entitled to res judicata effect. *Cf. Wonica v. Sec'y of Dep't of Health & Hum. Servs.*, 792 F. Supp. 8 (E.D.N.Y. 1991) (citing *Delamater v. Schweiker,* 721 F.2d 50, 53 (2d Cir.1983)); *see also Thompson v. Schweiker*, 665 F.2d 936 (9th Cir. 1982).

Plaintiff argues that "the ALJ acted in a prejudical[sic] and fundamentally unfair manner" when the ALJ denied her claim in September 2019 based on res judicata, without affording plaintiff a hearing to address her request to reopen her 2016 claim. (Pl. Br., Doc. 20 at 9 (citing *Mays*, 739 F.3d at 753)). The Court disagrees for several reasons. First, the regulations authorized the ALJ to dismiss the request for hearing based on res judicata:

> An administrative law judge may dismiss a request for a hearing under any of the following conditions:
>
> . . .
>
> (c) The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because—
>
> The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issues, and this previous determination or decision has become final by either administrative or judicial action.

20 C.F. R. § 404.957.

Furthermore, the plaintiff was not entitled to a hearing on her request to reopen the 2016 claim. *See Califano,* 430 U.S. 99; *see also Hanken v. Colvin*, 68 F. Supp. 3d 1342, 1348 (D. Colo. 2014) (quoting *Califano*) ("'the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the [Commissioner's] regulations and not by the Social Security Act,' *id.* and the regulations specifically provide that the denial of a request to reopen is not subject to judicial review, 20 C.F.R. §§ 404.903(*l*) & 416.1403(5).").

Importantly, here, the plaintiff was afforded an opportunity to submit additional evidence in connection with her request for a hearing—and in fact, the record indicates that plaintiff's counsel did submit attachments with the request. (R. 289).[7] Furthermore, the form that Plaintiff submitted requesting a hearing, dated June 3, 2019, included language directing the applicant to identify the name and source of any additional evidence, and to "[s]ubmit your evidence to the hearing office within 10 days." (R. 282). While the electronic receipt from plaintiff's appeal form submitted on July 18, 2019 indicated that plaintiff had "additional documents" to submit with her appeal, the record indicates that she did, in fact, submit additional documents as attachments at that time. (R. 289). Thus, it does not appear that the ALJ had reason to anticipate the plaintiff was holding onto additional evidence she wished to have considered by the ALJ.

To the extent that plaintiff contends she had additional materials she wanted the ALJ to consider, it is unclear why her counsel failed to submit it before the ALJ's dismissal, particularly where the regulations specify that a hearing may be denied on the basis of res judicata. However, nothing in the record indicates that the ALJ rejected or declined to review further submissions from the plaintiff or her attorney. Nor does plaintiff point to any statute or regulation imposing a duty on the ALJ to make any further inquiry as to any potential supplemental evidence at that stage.

---

[7]     The contents of the specific files do not appear in the record, and Plaintiff does not clarify whether the documents she attached to her appeal included any of the substantive evidence she contends is new and material.

Even assuming (without deciding) that plaintiff was deprived of an opportunity to have her additional medical evidence heard before the ALJ issued her decision, plaintiff had a subsequent opportunity to submit medical evidence for the Appeals Council's review. Indeed, plaintiff did so, and the Appeals Council on remand specifically addressed the additional evidence plaintiff submitted for consideration in the record. Finally, the Appeals Council clearly provided the plaintiff with an opportunity to "send us a statement about the facts and the law in this case." (R. 3 (under sub-heading stating "**You May Send More Information**") (emphasis in original)). Yet the record contains no indication that she submitted a statement of reasons or legal argument at that stage.[8]

Here, at multiple stages of review, the agency provided plaintiff and/or her representative(s) specific guidance on how further evidence and/or legal argument may be submitted for consideration. Although the plaintiff submitted additional medical evidence in November 2019, it does not appear that she did so before the ALJ issued the September

---

[8] Although not cited in either party's briefing, the Court has reviewed an unpublished case with some similarities, where a district court remanded the agency's denial of a hearing on the claimant's fourth application for benefits based on res judicata and administrative finality grounds. *See Walje*, 1994 WL 477254, at *4. In addition to being nonbinding on this Court, *Walje* is also factually distinct from this case. Noting the plaintiff's allegation that the Commissioner failed to provide her with the medical evidence it considered in applying *res judicata*, the court determined that "[u]nder the special circumstances of this case . . . there remains the potential that plaintiff's due process rights were violated." *Id* at *4. The court vacated the Commissioner's decision and remanded "with instructions to permit plaintiff's attorney to review the file and brief the issue of the application of res judicata to the plaintiff's claim for consideration by the ALJ." *Id*. While the court did cite the fact that plaintiff was not offered a hearing, it also emphasized that plaintiff was denied "an opportunity for review of her file to determine whether new or material evidence would warrant reopening of her case, or an opportunity to present such evidence, if any, to the ALJ." *Id*.

5, 2019 dismissal based on res judicata. Regardless, the plaintiff was able to submit additional evidence for consideration by the Appeals Council.

While the Appeals Council's December 2019 denial failed to articulate whether the supplemental evidence was considered, after the court's remand, the council set aside its earlier denial, considered the supplemental evidence, and explained how it considered this evidence in determining that her request for review should be denied. (R. 647-649). As the plaintiff acknowledged in her first district court appeal, the Appeals Council was not required to explain how it considered or weighed supplemental evidence. (*See* Doc. 26 at 10, Case No. 4:20-cv-119); *Martinez v. Barnhart*, 444 F.3d 1201, 1207-08 (10th Cir. 2006) (holding Appeals Council adequately considered purportedly new and material evidence; while "an express analysis of the Appeals Council's determination would have been helpful for purposes of judicial review, Mr. Martinez points to nothing in the statutes or regulations that would require such an analysis where new evidence is submitted and the Appeals Council denies review."); *cf. Threet v. Barnhart*, 353 F.3d 1185, 1191-92 (10th Cir. 2003) (remanding where Appeals Council failed to refer to newly submitted materials, which the court determined were new and material and thus should have been considered). Thus, the Appeals Council's decision on remand sufficiently addressed the newly submitted evidence.

Although the plaintiff contends the agency's act of setting aside its earlier denial on remand, without providing a hearing, is not authorized in the applicable regulations, the agency's actions on remand are consistent with its guidelines. *See* HALLEX I-4-6-1 (after a sentence four remand, the Appeals Council "may remand the case to an administrative

law judge (ALJ), or, if not precluded by the remand order, issue its own decision. The AC may also dismiss the proceedings for any reason that an ALJ may dismiss a request for a hearing under 20 CFR 404.957 or 416.1457 (*see* 20 CFR 404.983(d) and 416.1483(d).")." The plaintiff argues she would have opposed the agency's motion for a voluntary remand if defendant's counsel had not led her to believe she would have a hearing before an ALJ. However, the proceedings on remand were consistent with the District Court's July 13, 2021 Order remanding the case "for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g)." (Doc. 32, Case No. 4:20-cv-119-JFH-CDL).

In these circumstances, the agency's actions neither deprived plaintiff of an opportunity to be heard, nor were fundamentally unfair otherwise. "All that due process requires is 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Dawson*, 2012 WL 5932055, at *3 (report and recommendation) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). Thus, the Court finds no grounds to vacate or remand the agency's dismissal. As set forth above, the Court otherwise lacks jurisdiction to review the dismissal under § 405(g). Accordingly, the Court must affirm the denial of benefits.

### III.  Conclusion

For the reasons set forth above, the Court finds that (1) the plaintiff has failed to show that the Commissioner's actions violated her constitutional right to due process, and (2) the Commissioner's action in this case is not otherwise reviewable under 42 U.S.C. §

405(g). Accordingly, the decision of the Commissioner finding Plaintiff is not entitled to disability benefits is **affirmed**.

SO ORDERED this 31st day of March, 2024.

Christine D. Little
United States Magistrate Judge